IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALMA CRUZ, § § Plaintiff, § § V. § § BANK OF AMERICA, N.A. and § JPMORGAN CHASE BANK, N.A., § § Defendants. § | No. 3:19-cv-340-M-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Defendant JPMorgan Chase Bank, N.A. ("Chase") moved to dismiss this action under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 7. Plaintiff Alma Cruz has filed a response, *see* Dkt. No. 13, and Chase has filed a reply, *see* Dkt. No. 16.

The undersigned now issues the following findings of fact, conclusions of law, and recommendation that the Court grant the motion.

**Background**

On January 6, 2004, Plaintiff purchased a home in Mesquite, Texas (the "Property"). She signed a Promissory Note ("Note") to finance the purchase and secured the note through a Deed of Trust pledging her interest in the Property as security. *See* Dkt. No. 1-1 at 10 (Plaintiff's Original Petition); Dkt. No. 9-1 at 2-10 (Deed of Trust).

The trustee under the Deed of Trust was Gregory S. Graham, and the beneficiary was NTFN, Inc. *See* Dkt. No. 9-1 at 2. The Deed of Trust was filed in the official public records of Dallas County, Texas. *See id.* at 10.

There are three undated indorsements on the Note – from NTNF to Chase Manhattan Mortgage Corporation ("CMMC"), from CMMC to Treasury Bank, N.A., and from Treasury Bank to Countrywide Home Loans, Inc. *See* Dkt. No. 14 at 4-5.

On January 22, 2014, CMMC executed an assignment of the Deed of Trust, "together with the certain note(s) described therein," in which no grantee is identified. *See id.* at 6-7 (Assignment of Deed of Trust).

On March 9, 2015, NTFN assigned its interest in the Deed of Trust to Bank of America, N.A. ("BOA"). *See id.* at 12-13. The Corporate Assignment of Deed of Trust was filed in the official public records of Dallas County, Texas. *See* Dkt. No. 9-1 at 12.

On August 3, 2017, BOA, through mortgage servicer Chase Bank, N.A., removed Mr. Graham as trustee and appointed multiple individuals, including Shelley Ortolani, as substitute trustees. *See id.* at 15-17. The Removal of Trustee and Appointment of Substitute Trustee was filed in the official public records of Dallas County, Texas. *See id.* at Dkt. No. 9 at16.

On February 18, 2018, Ms. Ortolani noticed the Property for foreclosure. The foreclosure sale was set for April 3, 2018. *See id.* at 19-21. The February 2018 Notice of Substitute Trustee's Sale was filed in the official public records of Dallas County, Texas. *See* Dkt. No. 9-at 21.

Plaintiff alleges that a foreclosure sale of the Property was scheduled for November 6, 2018. The Notice of Substitute Trustee's Sale was "filed of record" on August 30, 2018, and BOA's foreclosure counsel mailed a copy of it to Plaintiff. The August 2018 Notice of Substitute Trustee's Sale is not in the record before the Court.

Plaintiff alleges that a Notice of Substitute Trustee's Sale, which was not signed by a substitute trustee, was "filed of record" on December 13, 2018 and that BOA's foreclosure counsel mailed a copy of it to Plaintiff. The foreclosure sale was scheduled for February 4, 2019. The December 2018 Notice of Substitute Trustee's Sale is not in the record before the Court.

On February 4, 2019, Plaintiff filed suit in state court asserting claims for violations of the Texas Property Code and Texas Debt Collection Act ("TDCA"), breach of contract, and declaratory judgment. *See* Dkt. No. 1-1 at 9-20 (Plaintiff's Original Petition and Application for Temporary Restraining Order). In her petition, Plaintiff alleges that neither BOA, as "mortgagee," nor Chase, as "loan servicer," have the capacity as to appoint substitute trustees or to effect foreclosure of the Property because the Note was assigned three times and CMMC executed an incomplete assignment of the Deed of Trust "to no one" before NTTF assigned the Deed of Trust to BOA. She also alleges that Defendants failed to provide required notices to her before attempting to foreclose.

Chase removed the case to this Court on the basis of diversity of citizenship, *see* Dkt. No. 1, and now seeks dismissal for failure to state a claim, *see* Dkt. No. 7. Chase asserts that the Deed of Trust and Assignment available in the official public records

of Dallas County, Texas establish that BOA is the mortgagee and, as such, is authorized to enforce the loan, appoint a substitute trustee under the deed of trust, and appoint Chase as its mortgage servicer.

The undersigned now concludes that the motion should be granted.

## Legal Standards

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not

contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of the Plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347, and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in

particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion," where, although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties," the United States Court of Appeals for the Fifth Circuit has held "that briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Turnage v. McConnell Techns., Inc.*, 671 F. App'x 307, 309 (5th Cir. 2016) (per curiam) (internal quotation marks and citations omitted).

## Analysis

I. <u>Plaintiff abandoned her Texas Property Code claim.</u>

Plaintiff's Texas Property Code claim rests on two Texas Property Code § 51.002 contentions. Plaintiff first contends that Defendants failed to provide Plaintiff notice before giving notice of acceleration and a Notice of Substitute Trustee's Sale, "in the form and manner" and "with the legal capacity" required by Section 51.002(d). Second, Plaintiff asserts that the notice or notices that Defendants did provide failed to comply with Section 51.002(b) because they were not preceded by valid notices and were not valid under Section 51.002(d) since Defendants lacked the capacity to initiate foreclosure. *See* Dkt. No. 1-1 at13-14; TEX. PROP. CODE §§ 51.002(b), (d).

Texas Property Code § 51.002 requires a lender to provide notice of default and

intent to accelerate, specify the action required to cure the default, and give the debtor an opportunity to cure the default within a minimum of twenty (20) days. *See Reed v. Litton Loan Servicing, LP,* No. 1:10-CV-217, 2011 WL 817357, at *4 (E.D. Tex. Jan. 27, 2011) (citing TEX. PROP. CODE § 51.002(d)). If the lender invokes the power of sale under a security instrument, the lender must also provide notice to the borrower of the time and place of the foreclosure sale at least 21 days prior to the date designated for the sale. *See id.* (citing TEX. PROP. CODE § 51.002(b)).

But, although "[n]either the Texas Supreme Court nor the Fifth Circuit has decided whether § 51.002 provides for a private right of action," *Lott v. Wells Fargo Bank, N.A.*, No. 3:17-cv-1270-L-BT, 2018 WL 4376413, at *4 (N.D. Tex. Aug. 22, 2018) (citing cases), some courts have held that Section 51.002 of the Texas Property Code does not provide a private right of action, *see Carey v. Fargo*, Civil Action H-15-1666, 2016 WL 4246997, at *3 (S.D. Tex. Aug. 11, 2016) (collecting cases).

In her reply brief, Plaintiff states that she "does not assert a private right of action under Texas Property Code Chapter 51, but notes that failures of mortgage servicers to follow the mandates of Chapter 51, particularly of, for example, Section 51.002 and 51.0025, are violations of 'applicable law' under the Deed of Trust and provide a basis for TDCA and breach of contract claims." Dkt. No. 13 at 5.

Based on this concession, Plaintiff's claims for violations of the Texas Property Code should be dismissed with prejudice.

II.     Plaintiff's TDCA claims should be dismissed.

The TDCA is the statutory embodiment of common law concerning unreasonable collection practices and prohibits use of deceptive means, making misrepresentations, harassment, and threats in the course of collecting a consumer debt. See TEX. FIN. CODE §§ 392.301(a)(8), 392.302(4), 392.303(a)(2), 392.304(a)(8), (a)(19). To state a claim under the TDCA, a plaintiff must allege that: (1) the debt at issue is a consumer debt; (2) the defendant is a "debt collector" within the meaning of the TDCA; (3) the defendant committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as result of the defendant's wrongful act. *See id.* §§ 392.001 et. seq.

Plaintiff alleges that "[t]he actions of Defendants [BOA and Chase] in threatening and/or effecting a substitute trustee's sale of the Property and/or thereafter in seeking eviction of Plaintiff from the Property" violated four sections of the TDCA. Specifically, Plaintiff claims that Defendants violated (1) Section 392.301(a)(8) by attempting to foreclose before they gave notices "in the form and manner" required by the Texas Property Code and by giving notice of foreclose when they lacked the capacity to do so; (2) Section 392.303(a)(2) by collecting or attempting to collect interest or a charge, fee, or expense which was not expressly authorized by the Deed of Trust; and (3) Sections 392.304(a)(8) and (19) by using deceptive acts or practices and misrepresenting the status of the debt. Plaintiff claims that she is entitled to statutory damages, injunctive relief, costs and reasonable attorney's fees under Section 392.403. *See* Dkt. No. 1-1 at 13-14.

The underlying basis for Plaintiff's TDCA claims is the allegation that Defendants threatened to do an action prohibited by law because they do "not clearly have the capacity" to foreclose. *See* Dkt. No. 1-1 at 12; *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 733 (N.D. Tex. 2011) ("If [the mortgagee] or its purported substitute trustees threatened to foreclose at a time when [the mortgagee] did not have the legal right to demand foreclosure, it would have threatened to do an action prohibited by law."). Plaintiff argues that the chain of assignments under which Defendants assert the right to foreclose was broken because before NTNF assigned the Deed of Trust to BOA, it assigned the Note to CMMC and then CMMC assigned both the Note and Deed of Trust "to no one."

In her response, Plaintiff argues that the incomplete assignment shows that CMMC "presumably" had or thought it had the capacity to execute the assignment. *See* Dkt. No. 13. Thus, because of what she characterizes as irreconcilable differences on the face of the instruments, *see* Dkt. No. 13 at 2-3, Plaintiff asserts that BOA lacked authority to serve pre-foreclosure notices, appoint a substitute trustee, or authorize Chase as its mortgage servicer.

Taking Plaintiff's allegations as true, Plaintiff fails to state facts to support her claims based on lack-of-capacity allegations.

Plaintiff alleges that NTFN assigned the Note to CMMC and that, on January 22, 2004, CMMC assigned both the Note and Deed of Trust "to no one." "A deed which does not name or in some manner designate a grantee is inoperative to convey the legal

title." *Roeser & Pendleton v. Stanolind Oil & Gas Co.*, 138 S.W. 250, 252 (Tex. Civ. App. – Texarkana 1940, writ ref'd); *see also Vineyard v. O'Connor*, 63 S.W. 424, 425 (Tex. 1896) ("Every deed must have a grantee."); *Green v. Canon*, 33 S.W.3d 855, 859 (Tex. App. – Houston [14th Dist.] 2000, pet. denied) (holding document is ineffective to convey title where "a grantee cannot be ascertained with certainty from the face of the instrument"). Because Plaintiff alleges that the CMMC assignment is "to no one," the assignment is ineffective to convey any interest in the Deed of Trust.

And, although Plaintiff alleges that NTFN assigned the Note to CMMC, she neither alleges nor identifies any facts to show that NTFN assigned the Deed of Trust to anyone other than BOA. "It is axiomatic that a grantor cannot convey to a grantee a greater or better title than he holds." *Day & Co., Inc. v. Texland Petroleum, Inc.*, 718 S.W.2d 384, 390 (Tex. App. – Amarillo 1986), *aff'd*, 786 S.W.2d 667 (Tex. 1990) ("[A] deed conveys nothing where no title rests in the grantor.").

Because Plaintiff alleges no facts that would show the Deed of Trust was ever assigned to CMMC, her allegation that CMMC purported to convey its interest in the Deed of Trust through an assignment fails to demonstrate any valid deed of trust assignment from CMMC to anyone exists.

Plaintiff also fails to allege any fact that would show any assignment, including a purported assignment from CMMC to no one, filed in the official public records of Dallas County, Texas. The Texas Property Code defines the term mortgagee as the beneficiary of a security instrument, a book entry system, or the last person to whom

a security instrument was assigned of record, and Plaintiff alleges no fact that would show any instrument of record assigned the Deed of Trust to anyone other than BOA.

Instead, the deed records establish that BOA is authorized to foreclose as the mortgagee. Texas law permits a mortgagee or mortgage servicer to administer a non-judicial foreclosure. *See* TEX. PROP. CODE § 51.0025. "Mortgagee" is defined as the beneficiary of a security instrument, a book entry system, or the last person to whom a security instrument was assigned of record. *See* TEX. PROP. CODE § 51.00041(4). On March 9, 2014, original Deed of Trust beneficiary NTFN assigned the Deed of Trust to BOA. *See* Dkt. Nos. 1-10, 12-13. Because BOA is the last person to whom the Deed of Trust was assigned of record, BOA is authorized to foreclose as the mortgagee.

And Texas law permits a mortgage servicer to administer a non-judicial foreclosure on behalf of a mortgagee. *See* TEX. PROP. CODE § 51.0025. The February 2018 Notice of Sale states:

> Mortgage Servicer: JPMorgan Chase Bank, National Association...Pursuant to a Servicing Agreement between the Mortgage Service and Mortgagee, the Mortgage Servicer is authorized to represent the Mortgagee. Pursuant to the Servicing Agreement and Section 51.0025 of the Texas Property Code, the Mortgage Servicer is authorized to collect the debt and to administer any resulting foreclosure of the reference property.

Dkt. No. 9 at 19. The February 2018 Notice of Sale demonstrates that BOA – the mortgagee – authorized Chase to administer a non-judicial foreclosure on its behalf.

Accordingly, to the extent that Plaintiff's claims are based on an alleged lack-of-capacity to foreclose, they should be dismissed.

And "foreclosure, or the threat of foreclosure, is not an action prohibited by law when a plaintiff has defaulted on their mortgage." *Wildy v. Wells Fargo Bank, N.A.*, No. 3:12-cv-1831-BF, 2012 WL 5987590, at *3 (N.D. Tex. Nov. 30, 2012); *see also Burr v. JPMorgan Chase Bank, N.A.*, No.4:11-cv-3519, 2012 WL 1059043, at *7 (S.D. Tex. Mar. 28, 2012) (holding that the plaintiffs failed to state a Section 392.301(a)(8) claim because "foreclosure on [their] home after [they] admittedly defaulted on their mortgage loan [was] not an action prohibited by law").

Moreover, Plaintiff's TDCA claims fail because the allegations in the petition are conclusory, lacking in specific facts, and, as a result, insufficient to plead a plausible claim. *See Franklin v. BAC Home Loans Servicing, L.P.*, No. 3:10-cv-1174-M, 2011 WL 248445, at *3 (N.D. Tex. Jan. 26, 2011) ("Merely stating Defendant violated the TDCA, without more factual allegations, is a legal conclusion couched as a factual assertion, which does not survive a motion to dismiss under the federal rules and applicable law."). Here, as explained below, Plaintiff recites some of the elements of the TDCA but does not provide factual allegations to support her claims.

Plaintiff alleges that Defendants violated Section 392.301(a)(8) by failing to give pre-foreclosure notices "in the form and manner" required by the Texas Property Code, but she fails to identify which notices Defendants allegedly failed to give or how any notices given failed to comply with the Property Code. And Plaintiff does not allege she was not in default on the loan or that any pre-foreclosure notice was served at a time when the loan was not in default. *See Snowden v. Wells Fargo Bank, N.A.*, No. 3:18-cv-

1797-K-BN, 2019 WL 587304, at *8-9 (N.D. Tex. Jan. 18, 2019). Accordingly, Plaintiff has failed to state a viable claim under Section 392.301(a)(8).

Plaintiff alleges that "Defendants have failed to properly account for and acknowledge payments made," demanded amounts not owed under the Note and Deed of Trust, and threatened to conduct a nonjudicial foreclosure sale. Dkt. No. 1-1 at 13. Based on these allegations, she contends "Defendants" collected or attempted to collect interest or a charge, fee, or expense incidental to the notice when such amount "was not expressly authorized by the Deed of Trust and/or Note and Legally chargeable to Plaintiff" in violation of Section 392.303(a)(2). *Id.* But she fails to specify any amount that she contends Chase or BOA demanded that was not owed on the loan. Nor does she identify the date or amount of any payment she purportedly made for which the loan was not credited. She also does not allege she made or tendered all payments that were due on the loan or allege facts that would show a threatened non-foreclosure sale would violate the TDCA. Accordingly, Plaintiff has failed to state a viable claim under Section 392.303(a)(2).

Plaintiff alleges that Defendants "demanded amounts not owed under the Note and Deed of Trust," Chase failed to properly account for and acknowledge payments made, Chase refused to abide by the Note and Deed of Trust's terms, and Chase refused Plaintiff's payments. *See* Dkt. No. 1-1 at 14. Based on these allegations, Plaintiff contends Defendants employed deceptive acts or practices, misrepresented the status of debt or made a fraudulent representation and intended that Plaintiff rely on that

-14-

representation, in violation of Sections 392.304(a)(8) and (19). *See id.* Plaintiff fails to specify any amount she contends Defendants demanded that was not owed on the loan or when those amounts were allegedly demanded. Nor does she identify the date or amount of any payment she purportedly made that was rejected or for which the loan was not credited. Plaintiff alleges no facts that would identify any contractual term with which she contends Chase did not comply or facts that would show Chase's noncompliance. Nor does Plaintiff contend the loan would not be past-due had any particular amount been properly applied. Plaintiff's general allegations lack the specificity required to state a claim under Section 392.304(a)(8) and (19).

The undersigned concludes that Plaintiff has not stated a claim for violations of the TDCA. And, as a result, she is not entitled to actual damages or declaratory and injunctive relief.

III. <u>Plaintiff's breach of contract claim should be dismissed</u>.

Alternatively, Plaintiff asserts a breach of contract claim based on the same allegations that form the basis of her Texas Property Code claims: that the substitute trustees appointed by Chase for BOA had no authority to accelerate the Note or to give notices of default and an opportunity to cure or to conduct the threatened foreclosure sales or to foreclose on the Property. *See* Dkt. No. 1-1 at 15-16. Plaintiff alleges that, by violating the Texas Property Code, Defendants also breached the express terms of the Deed of Trust "contract." *See id.*

To succeed on a breach of contract claim under Texas law, a plaintiff must show

"(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003); *accord Richardson v. Wells Fargo Bank, N.A.*, 873 F. Supp. 2d 800, 809 (N.D. Tex. 2012).

Plaintiff does not adequately plead a breach of contract by Defendants. "[I]t is not enough to generally allege the existence of a contract and generally allege that a contract has been breached. Instead, to state a plausible breach of contract claim a plaintiff must allege which provision of an identified contract has been breached." *Caine v. Wells Fargo Bank, N.A.*, Civil Action No. H-17-2046, 2018 WL 3195102, at *3 (S. D. Tex. June 8, 2018). To survive a motion to dismiss, Plaintiff must identify the specific provisions of the contract that they allege were breached. *See Williams v. Wells Fargo Bank, N.A.,* 560 F. App'x 233, 238 (5th Cir. 2014) ("It has been held that a claim for breach of a note and deed of trust must identify the specific provision in the contract that was breached."); *Baker v. Great N. Energy, Inc.*, 64 F. Supp. 3d 965, 971 (N. D. Tex. 2014) ("This Court and others throughout this Circuit have consistently indicated that, as a general rule, 'a plaintiff suing for breach of contract must point to a specific provision in the contract that was breached by the defendant.'") (collecting cases)).

Here, Plaintiff alleges no fact that would show a valid contract exists between her and either Defendant or alleged any specific provision in the Deed of Trust that was allegedly breached. Plaintiff alleges that a notice of default was served but it was not

provided "in the form and manner, and with the legal capacity at the time of giving such notice(s)" required to comply with the Texas Property Code. *Id.* at 15. But she alleges no fact that would show any notice of default or notice of sale breached any contractual term. Nor does she identify the date any pre-foreclosure notice was served or the person or entity who allegedly served any particular notice. She also fails to allege that any notice provided inadequate notice of her default or a scheduled foreclosure sale. And, as explained above, Plaintiff's lack of capacity allegations do not support a breach of contract claim because the Assignment of the Deed of Trust from NTTF to BOA, which is filed of record, evidences that BOA is the mortgagee of record. *See* Dkt. No. 9-1 at 16; *Wiley v. Deutsche Bank Nat'l Trust Co.*, 539 F. App'x 533, 535-57 (5th Cir. 2013). BOA and its mortgage servicer, Chase, therefore were authorized to give notices.

Plaintiff also does not adequately plead the damages element of their breach of contract claim. Plaintiff alleges that she "incurred actual damages by having title to, and possession, use and enjoyment of the Property jeopardized." Dkt. No. 1-1 at 16. She also maintains that she has incurred actual damages in the form of "filing fees and reasonable and necessary attorney fees." *Id.* But Plaintiff's alleged breach of contract damages are more properly characterized as a threat of damages rather than actual damages suffered. And, although filing and attorney fees may be awarded to a successful plaintiff, *see* TEX. CIV. PRAC. & REM. CODE §§ 37.007, 38.001(8), they do not constitute actual damages sufficient to sustain a breach of contract claim, *see Vianet Grp. PLC v. Tap Acquisition*, 3:14-cv-3601-B, 2016 WL 4368302, at *9 (N.D. Tex. Aug.

18, 2016) (concluding that the Supreme Court of Texas would not characterize attorneys' fees as damages "if they were subsequently incurred prosecuting a breach of contract claim").

Plaintiff does not respond to Wells Fargo's contention that she has not and cannot plead that they have suffered damages as a result of the alleged breach of contract.

IV.  **Plaintiff should be given the opportunity to replead her TDCA and breach of contract claims.**

In her response, Plaintiff asks for leave to replead if the Court should determine that she has failed to state a claim with sufficient particularity. And she includes additional allegations and factual statements in her response that is not included in her Original Petition, Although the Court may not consider that additional information in determining whether the Original Petition should be dismissed for failure to state a claim, it appears that Plaintiff has not plead her best case. Accordingly, the undersigned recommends that the Court dismiss Plaintiff's claims for violations of the TDCA and breach of contract without prejudice and give Plaintiff the opportunity to replead those claims.

## Recommendation

The Court should grant JPMorgan Chase Bank, N.A.'s Motion to Dismiss Plaintiff's Complaint [Dkt. No. 7]; dismiss with prejudice Plaintiff's claims for violations of the Texas Property Code and dismiss without prejudice Plaintiff's claims for violations of the Texas Debt Collection Act and breach of contract; and grant Plaintiff 21 days from the date of any order adopting these Findings, Conclusions, and

Recommendation in which to file an amended complaint repleading her claims for violations of the Texas Debt Collection Act and breach of contract and order that, if Plaintiff fails to do so, the case will be dismissed with prejudice without further notice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 27, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE