IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALMA CRUZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-340-M-BN |
| | § | |
| BANK OF AMERICA, N.A. and | § | |
| JPMORGAN CHASE BANK, N.A., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

On November 14, 2019, the Court granted Plaintiff Alma Cruz until December 13, 2019 to serve Defendant Bank of America, N.A in accordance with the Federal Rules of Civil Procedure. *See* Dkt. No. 31.

The Court explained

> More than 120 days have passed since the filing of the notice of removal, and the Clerk's docket sheet reflects that no service has been made on Defendant Bank of America, N.A.. When service is not made on a defendant within 120 days after the filing of the notice of removal, the Court may, under Federal Rule of Civil Procedure 4(m), after notice to Plaintiff, dismiss the action as to that defendant without prejudice or instruct the plaintiff to effect service within a specific time. *See* FED. R. CIV. P. 4(m); *Landor v. State Farm Lloyds*, No. 3:12-cv-4268-M, 2013 WL 1746003, at *3 (N.D. Tex. Apr. 23, 2013); *Henson v. Lowe's Home Centers, Inc.*, No. CIV. A. 1:99cv302-D-D, 2000 WL 1015833, at *1-*2 (N.D. Miss. June 27, 2000).

*Id.* The Court further cautioned that "[f]ailure of Plaintiff to effect service or show good cause by **December 13, 2019** may result in dismissal of her claims against Bank of America, N.A. without prejudice under Rule 4(m)." *Id.* (emphasis in original).

-1-

It is now over six weeks past the extended deadline, and Ms. Cruz has yet to comply with the Court's orders or otherwise contact the Court concerning service as to these defendants.

The undersigned therefore enters these findings of fact, conclusions of law, and recommendation that, for the reasons stated below, the Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b) as to Defendant Bank of America, N.A.

But, if Ms. Cruz complies with the Court's November 14, 2019 order – by filing a valid return of service as to Bank of America, N.A. or showing good cause in writing in a filing with the Court why service cannot be made – before the deadline for filing objections to these findings, conclusions, and recommendation, the undersigned will withdraw the findings, conclusions, and recommendation and take further appropriate action as to this defendant.

**Legal Standards and Analysis**

Rule 4(m)

Federal Rules of Civil Procedure 4(m) authorizes a district court to, after providing notice, dismiss a case *sua sponte* without prejudice for a plaintiff's failure to effectuate service on a defendant within 90 days of filing the complaint. *See, e.g.*, *Davis v. Bank of Am.*, NA, No. 3:12-cv-1036-M-BF, 2012 WL 4795591 (N.D. Tex. Oct. 9, 2012); *see also Drgac v. Treon*, No. H-07-4283, 2008 WL 4746984, at *1 (S.D. Tex. Oct. 27, 2008) ("A *pro se* plaintiff is entitled to notice before a district court dismisses an action,

*sua sponte*, for failure to timely serve the defendants under Rule 4(m) .... [But, a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for his failure to effect service in compliance with the rules." (citing *Lindsey v. United States R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996); *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988))).

Because Ms. Cruz failed to properly effect service as to Defendant Bank of America, N.A. as ordered by the Court, and because the Court explicitly advised Ms. Cruz that her failure to do so will subject her action against Bank of America, N.A. to dismissal under Rule 4(m), *see* Dkt. No. 31, the Court should dismiss this action as to Bank of America, N.A. without prejudice under Rule 4(m).

Rule 41(b)

Under Federal Rule of Civil Procedure 41(b), "a district court may dismiss an action *sua sponte* if the plaintiff fails to comply with court orders." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)). And the same rule authorizes a district court to "*sua sponte* dismiss an action for failure to prosecute." *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (citations omitted). That authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962) ); *see also Lopez v. Ark. Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544

(5th Cir. 1978) ("Although [Rule 41(b) ] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised *sua sponte* whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" (quoting *Link*, 370 U.S. at 631) ).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'" *Nottingham,* 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

By failing to comply with the Court's orders regarding service of process as to Defendant Bank of America, N.A., Ms. Cruz has prevented this action from proceeding

as to Bank of America, N.A. She has therefore failed to prosecute this lawsuit as to Bank of America, N.A. and obey court orders.

A Rule 41(b) dismissal of this action without prejudice only as to Bank of America, N.A. is warranted under these circumstances.

And the undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Ms. Cruz decides to comply with the Court's orders.

Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of an aspect of a pending case and *sua sponte* dismiss this action without prejudice as to Defendant Bank of America, N.A only.

## Recommendation

The Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b) as to Defendant Bank of America, N.A. But, if Ms. Cruz complies with the Court's November 14, 2019 order – by filing a valid return of service as to Bank of America, N.A. or showing good cause in writing in a filing with the Court why service cannot be made – before the deadline for filing objections, as explained below, the undersigned will withdraw the findings, conclusions, and recommendation and take further appropriate action as to these defendants.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: January 28, 2020

                                                      DAVID L. HORAN
                                                    UNITED STATES MAGISTRATE JUDGE