IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALMA CRUZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-340-M-BN |
| | § | |
| BANK OF AMERICA, N.A. and | § | |
| JPMORGAN CHASE BANK, N.A., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Defendant JPMorgan Chase Bank, N.A. ("Chase") has filed a motion for summary judgment, *see* Dkt. No. 39, and a motion to dismiss Plaintiff Alma Cruz's amended complaint, *see* Dkt. No. 54. Plaintiff filed responses to both motions, *see* Dkt. Nos. 51, 60, and Chase filed replies, *see* Dkt. Nos. 58 & 60.

Duane L. Berry, who is not a party, has filed several motions without leave of court. *See* Dkt. Nos. 24, 27, 28, 61, 62, 63, 64, 66, 67, 68, & 70.

For the following reasons, the undersigned recommends the Court grant the motion to dismiss the amended complaint and dismiss Plaintiff's claims with prejudice, deny the motion for summary judgment as moot, and deny Berry's intervention in the case.

**Background**

1

On January 6, 2004, Plaintiff purchased a home in Mesquite, Texas (the "Property"). She signed a Promissory Note ("Note") to finance the purchase and secured the note through a Deed of Trust pledging her interest in the Property as security. *See* Dkt. No. 53 at 3 (Plaintiff's First Amended Complaint); Dkt. No. 56-1 at 2-10 (Deed of Trust). The trustee under the Deed of Trust was Gregory S. Graham, and the beneficiary was NTFN, Inc. *See id.* at 2. The Deed of Trust was filed in the official public records of Dallas County, Texas. *See id.* at 10.

There are three undated indorsements on the Note − from NTNF to Chase Manhattan Mortgage Corporation ("CMMC"), from CMMC to Treasury Bank, N.A., and from Treasury Bank to Countrywide Home Loans, Inc. *See* Dkt. No. 14 at 4-5.

On January 22, 2014, CMMC executed an assignment of the Deed of Trust, "together with the certain note(s) described therein," in which no grantee is identified. *Id.* at 6-7 (Assignment of Deed of Trust).

On March 9, 2015, NTFN assigned its interest in the Deed of Trust to Bank of America, N.A. ("BOA"). *See id.* at 12-13. The Corporate Assignment of Deed of Trust was filed in the official public records of Dallas County, Texas. *See* Dkt. No. 53-1 at 12.

On August 3, 2017, BOA, through mortgage servicer Chase Bank, N.A., removed Mr. Graham as trustee and appointed multiple individuals, including Shelley Ortolani, as substitute trustees. *See id.* at 15-17. The Removal of Trustee and Appointment of Substitute Trustee was filed in the official public records of Dallas County, Texas. *See id.* at 16.

On February 18, 2018, Ms. Ortolani noticed the Property for foreclosure. The foreclosure sale was set for April 3, 2018. *See id.* at 19-21. The February 2018 Notice of Substitute Trustee's Sale was filed in the official public records of Dallas County, Texas. *See id.* at 21.

Plaintiff alleges that a foreclosure sale of the Property was scheduled for November 6, 2018. The Notice of Substitute Trustee's Sale was "filed of record" on August 30, 2018, and BOA's foreclosure counsel mailed a copy of it to Plaintiff. The August 2018 Notice of Substitute Trustee's Sale is not in the record before the Court.

Plaintiff alleges that a Notice of Substitute Trustee's Sale, which was not signed by a substitute trustee, was "filed of record" on December 13, 2018 and that BOA's foreclosure counsel mailed a copy of it to Plaintiff. The foreclosure sale was scheduled for February 4, 2019. The December 2018 Notice of Substitute Trustee's Sale is not in the record before the Court.

On February 4, 2019, Plaintiff filed suit in state court asserting claims for violations of the Texas Property Code and Texas Debt Collection Act ("TDCA"), breach of contract, and declaratory judgment. *See* Dkt. No. 1-1 at 9-20 (Plaintiff's Original Petition and Application for Temporary Restraining Order). Chase removed the case to this Court on the basis of diversity of citizenship, *see* Dkt. No. 1, and then moved for dismissal for failure to state a claim, *see* Dkt. No. 7.

The Court accepted the undersigned's Findings, Conclusions, and Recommendation ("FCR"), dismissed with prejudice Plaintiff's claims for violations of the Texas Property Code, dismissed without prejudice Plaintiff's claims for violations

3

of the TDCA and breach of contract, and granted Plaintiff an opportunity to amend her complaint to replead her TDCA and breach of contract claims. *See* Dkt. Nos. 35, 47.

Plaintiff filed an amended complaint asserting claims for violation of the TDCA and breach of contract and omitting BOA as a party. *See* Dkt. No. 53. Plaintiff alleges that Chase was not authorized to service the loan because of discrepancies between the chain of assignments of the Deed of Trust and the chain of indorsements on the Note.

Chase again moves to dismiss Plaintiff's claims for failure to state a claim. *See* Dkt. No. 54. Chase argues that Plaintiff, in her amended complaint, fails to cure the deficiencies identified in her prior pleading. And, as in her prior pleading, Plaintiff's claims in the amended complaint are predicated on a flawed legal contention – that Chase lacked authority to collect the debt or serve pre-foreclosure notices.

Chase had filed a motion for summary judgment before the Court granted the prior motion to dismiss and allowed Plaintiff to replead her TDCA and breach of contract claims. *See* Dkt. No. 39. The arguments raised in the motion for summary judgment are the same as those raised in the pending motion to dismiss.

Duane L. Berry has filed a suggestion that he be substituted as a party for Bank of America, N.A. and parties that he identifies as its successors-in-interest and has filed numerous documents purporting to represent those parties. *See* Dkt. Nos. 27, 28, 61, 62, 63, 64, 66, 67, 68, & 70.

**Legal Standards**

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id*. But, "to survive a motion to dismiss" under

*Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347, and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. That rationale has even more force in this case, as the Court "must construe the pleadings of pro se litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are

considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion," where, although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under

7

Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties," the United States Court of Appeals for the Fifth Circuit has held "that briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Turnage v. McConnell Techns., Inc.*, 671 F. App'x 307, 309 (5th Cir. 2016) (per curiam) (internal quotation marks and citations omitted).

## Analysis

I.    <u>Berry does not have standing to intervene.</u>

Duane Berry suggests that the name of the defendant be substituted for that of an entity that he claims is the successor-in-interest to BOA, which he claims to represent. *See* Dkt. No. 27. The undersigned construes the suggestion as a motion to intervene under Federal Rule of Civil Procedure 24.

To be entitled to intervene as of right, Berry must demonstrate that (1) he timely applied; (2) he has an interest relating to the property or transaction that is the subject of the case; (3) disposition of the case may practically impair or impede his ability to protect his interest; and (4) he is inadequately represented by the existing parties. *See* FED. R. CIV. P. 24(a); *Adam Joseph Res. v. CNA Metals, Ltd.*, 919 F.3d 856, 868 (5th Cir. 2019). "Failure to satisfy any one requirement precludes intervention of right." *Cox v. Morris,* NO. 3:18-CV-30-DMB-JMV, 2019 WL 1601367, at *2 (N.D. Miss. April 15, 2019).

Rule 24(b), which provides for permissive intervention, states that a court "may permit anyone to intervene who ... has a claim or defense that shares with the

main action a common question of law or fact." FED. R. CIV. P. 24(b); *Allen-Pieroni v. Sw. Corr. LLC*, No. 3:13-cv-4089-M, 2017 WL 722200, at * 2 (N.D. Tex. Jan. 26, 2017).

Here, Berry cannot show that he has an interest in Plaintiff's Property or Chase's attempt to foreclose on the Property.

Berry asserts that his interest in the case derives from his relationship with BOA. As an initial matter, the undersigned observes that BOA is not and was never a party to this case. The Court dismissed without prejudice Plaintiff's claims against BOA because it was never served, *see* Dkt. Nos. 36, 46, and Plaintiff did not subsequently assert a claim against BOA in her amended complaint, *see* Dkt. No. 53.

In his initial appearance in this case, Berry claims that he is the Trustee of Bridgewater Capital Trust, which he claims is the successor-in-interest to BOA. *See* Dkt. No. 24. In his suggestion to substitute the name of the defendant, Berry claims that he is the Trustee of the Federal Reserve Bank System Accounting Trust, which he claims is the successor-in-interest to Bridgewater Capital Trust. *See* Dkt. No. 27. To support his claim that he is the Trustee, he submits a United States Postal Service change of address request for the Federal Reserve Bank NY, which is signed by "Duane L. Berry, President." *Id*. He also represents himself as the President of "Interested Party," the Federal Reserve Bank of New York. *See* Dkt. Nos. 61, 62, 63, 64, 66, 67, 68, & 69.

The undersigned observes that a panel of the United States Court of Appeals for the Sixth Circuit has explained that "Berry suffers from mental illness. He apparently believes that he is the trustee of a trust which owns all of Bank of

America's assets, and that it is his duty to execute the trust and repossess those assets." *United States v. Berry*, 911 F.3d 354, 357 (6th Cir. 2018). Berry's mental illness was at the heart of that criminal case, in which the government unsuccessfully sought to involuntarily medicate him to restore his competency to stand trial. *See id.*

Berry is still a federal prisoner, and his actions in this Court are consistent with the psychologists' diagnoses in the Sixth Circuit case. He continues to claim that he is the representative of BOA and its purported successors-in-interest and, among other things, he has filed interlocutory appeals to challenge FCRs and court orders, attempted to place a lien on Plaintiff's property, and sought a writ of assistance to obtain BOA assets. These actions suggest that Berry continues to suffer from the same delusions about his relationship with BOA.

Because Berry's claim of an interest in this case is facially frivolous, the Court should deny his motion to intervene [Dkt. No. 27]. *See XL Specialty Ins. Co. v. Lakian*, 632 F. App. 667, 669 (2nd Cir. 2015) (determining that a motion to intervene can be resolved by reference to the ultimate merits of the claims when the allegations are frivolous on their face); *Cox,* 2019 WL 1601367, \*2 ("Courts are to take all well-pleaded, nonconclusory allegations in the motion to intervene … as true absent sham, frivolity or other objections.").

II.   <u>The Motion to Dismiss should be granted.</u>

A.   <u>Plaintiff's TDCA claims should be dismissed.</u>

The TDCA is the statutory embodiment of common law concerning unreasonable collection practices and prohibits use of deceptive means, making

misrepresentations, harassment, and threats in the course of collecting a consumer debt. See TEX. FIN. CODE §§ 392.301(a)(8), 392.302(4), 392.303(a)(2), 392.304(a)(8), (19). To state a claim under the TDCA, a plaintiff must allege that: (1) the debt at issue is a consumer debt; (2) the defendant is a "debt collector" within the meaning of the TDCA; (3) the defendant committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as result of the defendant's wrongful act. *See id.* §§ 392.001 et. seq.

Plaintiff's TDCA claims are based on the underlying theory that Chase's threat to foreclose was an action prohibited by law because Chase did not clearly have the capacity to foreclose. *See* Dkt. No. 53 at 4-8; *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 733 (N.D. Tex. 2011) ("If [the mortgagee] or its purported substitute trustees threatened to foreclose at a time when [the mortgagee] did not have the legal right to demand foreclosure, it would have threatened to do an action prohibited by law."). Plaintiff alleges that Chase did not have clear authority to act as mortgage servicer because the chain of assignments of the Deed of Trust "departs at multiple points" from the chain of indorsements on the Note. Dkt. No. 53 at 5. Plaintiff alleges the chain of assignments under which Chase asserts the right to foreclose was broken because before NTNF assigned the Deed of Trust to BOA, it assigned the Note to CMMC and then CMMC assigned both the Note and Deed of Trust "to no one."

In her response, Plaintiff argues that the incomplete assignment shows that CMMC "presumably" had or thought it had the capacity to execute the assignment.

Thus, because of what she characterizes as irreconcilable differences on the face of the instruments, Plaintiff asserts that BOA lacked authority to serve pre-foreclosure notices, appoint a substitute trustee, or authorize Chase as its mortgage servicer. *See* Dkt. No. 60 at 2-3.

Taking Plaintiff's allegations as true, Plaintiff fails to state facts to support her claims based on lack-of-capacity allegations.

Plaintiff alleges that NTFN assigned the Note to CMMC and that, on January 22, 2004, CMMC assigned both the Note and Deed of Trust "to no one." "A deed which does not name or in some manner designate a grantee is inoperative to convey the legal title." *Roeser & Pendleton v. Stanolind Oil & Gas Co.*, 138 S.W. 250, 252 (Tex. Civ. App. – Texarkana 1940, writ ref'd); *see also Vineyard v. O'Connor*, 63 S.W. 424, 425 (Tex. 1896) ("Every deed must have a grantee."); *Green v. Canon*, 33 S.W.3d 855, 859 (Tex. App. – Houston [14th Dist.] 2000, pet. denied) (holding document is ineffective to convey title where "a grantee cannot be ascertained with certainty from the face of the instrument"). Because Plaintiff alleges that the CMMC assignment is "to no one," the assignment is ineffective to convey any interest in the Deed of Trust.

And, although Plaintiff alleges that NTFN assigned the Note to CMMC, she neither alleges nor identifies any facts to show that NTFN assigned the Deed of Trust to anyone other than BOA. "It is axiomatic that a grantor cannot convey to a grantee a greater or better title than he holds." *Day & Co., Inc. v. Texland Petroleum, Inc.*, 718 S.W.2d 384, 390 (Tex. App. – Amarillo 1986), *aff'd*, 786 S.W.2d 667 (Tex. 1990) ("[A] deed conveys nothing where no title rests in the grantor.").

12

Because Plaintiff alleges no facts that would show the Deed of Trust was ever assigned to CMMC, her allegation that CMMC purported to convey its interest in the Deed of Trust through an assignment fails to demonstrate any valid deed of trust assignment from CMMC to anyone exists.

Plaintiff also fails to allege any fact that would show any assignment, including a purported assignment from CMMC to no one, filed in the official public records of Dallas County, Texas. The Texas Property Code defines the term mortgagee as the beneficiary of a security instrument, a book entry system, or the last person to whom a security instrument was assigned of record, and Plaintiff alleges no fact that would show any instrument of record assigned the Deed of Trust to anyone other than BOA.

Instead, the deed records establish that BOA is authorized to foreclose as the mortgagee. Texas law permits a mortgagee or mortgage servicer to administer a non-judicial foreclosure. *See* TEX. PROP. CODE § 51.0025. "Mortgagee" is defined as the beneficiary of a security instrument, a book entry system, or the last person to whom a security instrument was assigned of record. *See* TEX. PROP. CODE § 51.00041(4). On March 9, 2014, original Deed of Trust beneficiary NTFN assigned the Deed of Trust to BOA. *See* Dkt. Nos. 1-10, 12-13. Because BOA is the last person to whom the Deed of Trust was assigned of record, BOA is authorized to foreclose as the mortgagee.

And Texas law permits a mortgage servicer to administer a non-judicial foreclosure on behalf of a mortgagee. *See* TEX. PROP. CODE § 51.0025. The February 2018 Notice of Sale states:

> Mortgage Servicer: JPMorgan Chase Bank, National Association ... Pursuant to a Servicing Agreement between the Mortgage Service and Mortgagee, the Mortgage Servicer is authorized to represent the Mortgagee. Pursuant to the Servicing Agreement and Section 51.0025 of the Texas Property Code, the Mortgage Servicer is authorized to collect the debt and to administer any resulting foreclosure of the reference property.

Dkt. No. 9 at 19. The February 2018 Notice of Sale demonstrates that BOA – the mortgagee – authorized Chase to administer a non-judicial foreclosure on its behalf.

Accordingly, to the extent that Plaintiff's claims are based on an alleged lack-of-capacity to foreclose, they should be dismissed.

Plaintiff's TDCA claims also fail because the allegations in the Amended Complaint are conclusory, lacking in specific facts, and, as a result, insufficient to plead a plausible claim. *See Franklin v. BAC Home Loans Servicing, L.P.*, No. 3:10-cv-1174-M, 2011 WL 248445, at *3 (N.D. Tex. Jan. 26, 2011) ("Merely stating Defendant violated the TDCA, without more factual allegations, is a legal conclusion couched as a factual assertion, which does not survive a motion to dismiss under the federal rules and applicable law."). Here, as explained below, Plaintiff recites some of the elements of the TDCA but does not provide factual allegations to support her claims.

Specifically, Plaintiff alleges that Chase violated Sections 392.301(a)(8), 392.303(a)(2), and 392.408(a)(8) and (19) and that, as a result of these alleged violations, Plaintiff is entitled to statutory damages, injunctive relief, costs, and reasonable attorneys' fees under Section 392.403. *See* Dkt. No. 53 at 4-8.

14

Section 392.301(a)(8) prohibits a debt collector from using "threats, coercion, or attempts to coerce" that involve "threatening to take an action prohibited by law." TEX. FIN. CODE § 392.301(a)(8). Plaintiff alleges Chase threatened to take or took action prohibited by law in violation of Section 392.301(a)(8) by scheduling a non-judicial foreclosure sale without providing proper notice of default and notice of sale based on her contention Chase lacked capacity to serve pre-foreclosure notices. *See* Dkt. No. 53 at 5. This is the same allegation Plaintiff made in her prior pleading. *See* Dkt. No. 1-1 at 13. As previously discussed, Plaintiff alleges no fact that would demonstrate Chase lacked authority to enforce the loan as mortgage servicer or holder of the note. Nor does she allege facts that would show Chase sought amounts or served any notice without authority to act on BOA's behalf or that BOA was not the mortgagee.

Moreover, "foreclosure, or the threat of foreclosure, is not an action prohibited by law when a plaintiff has defaulted on their mortgage." *Wildy v. Wells Fargo Bank, N.A.*, No. 3:12-cv-1831-BF, 2012 WL 5987590, at *3 (N.D. Tex. Nov. 30, 2012); *see also Burr v. JPMorgan Chase Bank, N.A.*, No.4:11-cv-3519, 2012 WL 1059043, at *7 (S.D. Tex. Mar. 28, 2012) (holding that the plaintiffs failed to state a Section 392.301(a)(8) claim because "foreclosure on [their] home after [they] admittedly defaulted on their mortgage loan [was] not an action prohibited by law"). The TDCA does not prevent the exercise of a "contractual right of seizure, repossession, or sale that does not require court proceedings." TEX. FIN. CODE § 392.301(b). And Plaintiff does not allege that she was not in default on the loan or that any pre-foreclosure notice was served

15

at a time when the loan was not in default. *See Snowden v. Wells Fargo Bank, N.A.*, No. 3:18-cv-1797-K-BN, 2019 WL 587304, at \*8-9 (N.D. Tex. Jan. 18, 2019) (holding that threatening to foreclose was not a violation of Section 392.301(a)(8) because Plaintiffs did not dispute that they defaulted under the loan and were still in default when notice of acceleration and foreclosure sale were provided.) Accordingly, Plaintiff fails to state a viable claim for violation of Section 392.301(a)(8) of the TDCA.

Section 392.303(a)(2) prohibits a debt collector from using

unfair or unconscionable means that employ ... collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer.

TEX. FIN. CODE § 392.303(a)(2). To state a claim under Section 392.303(a)(2), a plaintiff must make more than a general assertion of "wrongful charges" and must identify the unauthorized fees or penalties that a defendant imposed. *See Westinde v. JPMorgan Chase Bank, N.A.*, No. 3:13-cv-3576-O, 2014 WL 4631405, at \* 8 (N.D. Tex. Sept. 16, 2014).

Plaintiff generally alleges Chase demanded amounts not owed under the Note and Deed of Trust, "including but not limited to multiple repetitive and abusive charges for inspection and appraisal of the Property, when such was neither reasonable or necessary, as evidenced by the account history appended as Exhibit B-4 (PageID 390-401) to Chase's Motion for Summary Judgment." Dkt. No. 53 at 6 ¶ 19. She also alleges "Defendant Wells" threated to conduct or has conducted a non-judicial foreclosure sale. *Id*. at ¶ 20. Based on these allegations, Plaintiff contends

16

Chase collected or attempt to collect interest or a charge, fee, or expense incidental to the note when such amount "was not expressly authorized by the Deed of Trust and/or Note and legally chargeable to [Plaintiff] in violation of section 392.303(a)(2)." *Id.*

Plaintiff's allegations fail to identify any specific charge that she contends Chase demanded that was not owed on the loan. She generally states that charges for inspection and appraisal of the Property were unreasonable and unnecessary and points to an account history. But she does not explain why she contends that any amount was not reasonable or necessary or identify any fact that would show any amount she was charged was not authorized under the Note or Deed of Trust. Contrary to her allegations, the Deed of Trust provides for inspection of the Property and collection of fees. *See* Dkt. No. 56-1 at 4 ¶5 ("Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default."); *Id.* at 5 ¶ 8 ("Lender may collect fees and charges authorized by the Secretary."). Plaintiff does not allege she made or tendered all payments due on the loan, demonstrate she was not in default, or allege facts that would show any threatened non-judicial foreclosure sale would violate the TDCA. Accordingly, Plaintiff fails to state a viable claim for violation of Section 392.303(a)(2) of the TDCA.

Section 392.304(a)(8) prohibits "misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding." TEX. FIN. CODE 392.304(a)(8). "To violate the TDCA using a misrepresentation, the debt collector must have made an affirmative statement that was false or misleading." *Thompson v. Bank of Am. Nat'l Ass'n*, 783

F.3d 1022, 1026 (5th Cir. 2015) (quoting *Verdin v. Fed. Nat'l Morg. Ass'n*, 540 F. App'x 253, 257 (5th Cir. 2013)). To state a claim under Section 392.304(a)(8), a plaintiff must show that the defendant "made a misrepresentation that led her to be unaware (1) that she had a mortgage debt, (2) of the specific amount she owed, or (3) that she had defaulted." *Rucker v. Bank of America, N.A.*, 806 F.3d 828, 832 (5th Cir. 2015) (citing *Miller v. BAC Home Loans. Serv., L.P.*, 726 F.3d 717, 723 (5th Cir. 2013)).

Section 392.304(a)(19) is a catch-all provision that covers all false representations or deceptive means that a party might use "to collect a debt or obtain information concerning a consumer." TEX. FIN. CODE § 392.304(a)(19); *see also Sanghera v. Wells Fargo Bank, N.A.*, No. 3:10-cv-2414-B, 2012 WL 555155, at *8 (N.D. Tex. Feb. 21, 2012).

Plaintiff alleges Chase violated Section 392.304(a)(8) by issuing notices of sale without authority to do so at the time or without properly giving the notices to Plaintiff in the form and manner required by Texas Property Code §§ 51.002(b) or (d). She further alleges that either or both of those actions were inherently false and deceptive means of attempting to collect the loan. She alleges Chase violated Sections 392.304(a)(8) and (19) by "charging sums not permitted by applicable law" or the Deed of Trust and by sending Plaintiff and issuing and posting notices of the substitute trustee's sale of the Property scheduled for February 5, 2019.

Like her other TDCA claims, and for the reasons discussed above, Plaintiff fails to state a claim for violations of Sections 392.304(a)(8) and (19) to the extent those

claims are based on allegations that Chase lacked authority to serve notices, attempt to collect amounts on the loan, or pursue foreclosure as a mortgage servicer. She also fails to allege facts that would demonstrate any amount that she contends that Chase demanded was not owed on the loan or when those amounts were allegedly demanded. And she alleges no facts that would identify any contractual term with which she contends Chase did not comply or that would show Chase's non-compliance. Plaintiff's general allegations lack the specificity required to state a claim under Section 392.304(a)(8) and (19).

Additionally, in the absence of actual damages and a causal connection to the alleged TDCA violation, a plaintiff cannot recover under the TDCA. *See* TEX. FIN. CODE § 392.403(a); *Naranjo v. Universal Sur. of Am.*, 679 F. Supp. 2d 787, 801 (S.D. Tex. 2010); *Elston v. Resolution Services, Inc.*, 950 S.W.2d 80, 185 (Tex. App –Austin 1997, no writ). Plaintiff does not allege that Chase sold the Property at foreclosure or divested her of possession. Plaintiff fails to allege specific facts that would show she paid any amount that was not due on the loan. And Plaintiff does not allege that any purported error by Chase caused her default on the loan. Accordingly, Plaintiff fails to allege facts that would demonstrate she sustained actual damages as the result of any alleged TDCA violation.

For all these reasons, the undersigned concludes that Plaintiff fails to state a claim for violations of the TDCA. And, as a result, she is not entitled to actual damages or declaratory and injunctive relief.

B. <u>Plaintiff's breach of contract claim should be dismissed.</u>

Alternatively, Plaintiff asserts a breach of contract claim. She alleges that Chase breached paragraphs 13, 14 and 15 of the Deed of Trust by issuing notices of default and sale "when Chase clearly did not have authority to issue such notices" and, as a result, she alleges that Chase took actions in its attempt to foreclose that did not comply with the requirements of Texas Property Code §§ 51.002(b) and (d).

To succeed on a breach of contract claim under Texas law, a plaintiff must show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003); *accord Richardson v. Wells Fargo Bank, N.A.*, 873 F. Supp. 2d 800, 809 (N.D. Tex. 2012).

"[I]t is not enough to generally allege the existence of a contract and generally allege that a contract has been breached. Instead, to state a plausible breach of contract claim a plaintiff must allege which provision of an identified contract has been breached." *Caine v. Wells Fargo Bank, N.A.*, Civil Action No. H-17-2046, 2018 WL 3195102, at *3 (S. D. Tex. June 8, 2018). To survive a motion to dismiss, Plaintiff must identify the specific provisions of the contract that they allege were breached. *See Williams v. Wells Fargo Bank, N.A.,* 560 F. App'x 233, 238 (5th Cir. 2014) ("It has been held that a claim for breach of a note and deed of trust must identify the specific provision in the contract that was breached."); *Baker v. Great N. Energy, Inc.*, 64 F. Supp. 3d 965, 971 (N. D. Tex. 2014) ("This Court and others throughout this Circuit

have consistently indicated that, as a general rule, 'a plaintiff suing for breach of contract must point to a specific provision in the contract that was breached by the defendant.'") (collecting cases)).

Plaintiff alleges no fact that would show a valid contract exists between her and Chase. And, although she references specific paragraphs in the Deed of Trust containing the words "applicable law" that she alleges that Chase breached, those allegations are based on her argument that Chase did not have authority to enforce the Deed of Trust. Plaintiff's lack of capacity allegations do not support a breach of contract claim because, as discussed above, the deed records demonstrate that Chase was authorized to collect the debt and administer a non-judicial foreclosure sale on BOA's behalf. *See Wiley v. Deutsche Bank Nat'l Trust Co.*, 539 F. App'x 533, 535-57 (5th Cir. 2013).

Plaintiff also does not adequately plead the damages element of her breach of contract claim. Plaintiff alleges that she "incurred actual damages by having title to, and possession, use and enjoyment of the Property wrongfully jeopardized." Dkt. No. 53 at 9. She also maintains that she has incurred actual damages in the form of "filing fees, bond costs and reasonable and necessary attorney fees." *Id*. But Plaintiff's alleged breach of contract damages are more properly characterized as a threat of damages rather than actual damages suffered. And, although filing and attorneys' fees may be awarded to a successful plaintiff, *see* TEX. CIV. PRAC. & REM. CODE §§ 37.007, 38.001(8), they do not constitute actual damages sufficient to sustain a breach of contract claim, *see Vianet Grp. PLC v. Tap Acquisition*, 3:14-cv-3601-B, 2016 WL

21

4368302, at *9 (N.D. Tex. Aug. 18, 2016) (concluding that the Supreme Court of Texas would not characterize attorney's fees as damages "if they were subsequently incurred prosecuting a breach of contract claim").

Plaintiff fails to state a breach of contract claim.

C. <u>Plaintiff's claims should be dismissed with prejudice.</u>

Because the Court previously gave Plaintiff the opportunity to replead her claims for violations of the TDCA and breach of contract, and because the allegations in the Amended Complaint are virtually identical to those in the Original Petition, the Court should find that Plaintiff has plead her best case and dismiss her claims with prejudice.

III.    <u>The Motion for Summary Judgment should be terminated as moot.</u>

Because the undersigned concludes that Plaintiff fails to state a claim for either TDCA or breach of contract claims, the undersigned recommends that the Motion for Summary Judgment, which is based on the same arguments raised in the motion to dismiss, should be terminated as moot.

**Recommendation**

The Court should grant Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss Plaintiff's First Amended Complaint [Dkt. No. 54] and dismiss with prejudice Plaintiff's claims and terminate as moot Defendant JPMorgan Chase Bank, N.A.'s Motion for Summary Judgment [Dkt. No. 39].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 10, 2020

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE